JS-6

1  DANIEL S. FLOYD, SBN 123819
   dfloyd@gibsondunn.com
2  MICHAEL M. FARHANG, SBN 181320
   mfarhang@gibsondunn.com
3  JEREMY STAMELMAN, SBN 216097
   jstamelman@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-7520

7  Attorneys for Defendants SYNCOR
   INTERNATIONAL CORPORATION,
8  ROBERT G. FUNARI, and HAIG S.
   BAGERDJIAN
9

10 GORDON A. GREENBERG, SBN 116774           EDWARD P. DIETRICH
   ggreenberg@mwe.com                        SBN 176118
11 ALLAN L. SCHARE, SBN 126305               edwarddietrich@aol.com
   aschare@mwe.com                           DIETRICH & ARLEO
12 FRANCISCA M. MOK, SBN 206063              1672 Main Street, Suite E
   fmok@mwe.com                              PMB 133
13 McDERMOTT WILL & EMERY LLP                Ramona, CA 92065
   2049 Century Park East
14 38th Floor                                Telephone: 760/ 789-8000
   Los Angeles, California  90067-3208       Facsimile: 760/ 789-8081
15 Telephone:   (310) 277-4110
   Facsimile:   (310) 277-4730
16                                           Lead Counsel for Plaintiffs
   Attorneys for Defendant MONTY FU
17

18

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21                    WESTERN DIVISION

22 In re SYNCOR INTERNATIONAL   )   Master File No.
   CORP. SECURITIES LITIGATION  )      CV-02-8687-ABC(RMCx)
23 ─────────────────────────────)
                                )   CLASS ACTION
24 This Document Relates To:    )
                                )   FINAL JUDGMENT AND ORDER OF
25     ALL ACTIONS.             )   DISMISSAL WITH PREJUDICE
                                )
26 ─────────────────────────────    Exhibit B

27

28

This matter came before the Court for hearing on November 24, 2008, pursuant to an Order of this Court, dated September 22, 2008, on the application of the Settling Parties for approval of the Settlement set forth in a Stipulation and Agreement of Settlement dated August 27, 2008 in this matter.  The Court having issued an order on November 24, 2004 [Docket #224] directing the deletion of the sentence on page 16 lines 23-26 of the August 27, 2008 Stipulation reading "Lead Counsel shall allocate the attorney fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the prosecution and settlement of the Action," all parties and all Plaintiffs' Counsel have consented to this change and the parties have entered into a Stipulation and Agreement of Settlement dated December 1, 2008 (the "Amended Stipulation"), which amends and supersedes the August 27, 2008 Stipulation accordingly.  Due and adequate notice having been given of the Settlement as required in said Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, and the Court hearing no outstanding objections to approval of the Settlement, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order of Dismissal With Prejudice incorporates by reference the definitions in the Amended Stipulation, and all terms used herein shall have the same meanings set forth in the Amended Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement, including all members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Complaint, the Action, and all claims contained therein, including all of the Released Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiff and the other members of the Class that were or could have been asserted as against each and all of the Released

Parties. The parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Amended Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Amended Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Amended Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Amended Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a Class of all Persons who purchased or otherwise acquired Syncor publicly traded securities between March 9,1998 and November 5, 2002, inclusive. Excluded from the Class are: Defendants, members of their immediate families, the directors, executive officers, subsidiaries and affiliates of Syncor, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly requested exclusion from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action.

6. With respect to the Class, this Court finds for the purposes of effectuating this Settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims

of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Lead Plaintiff or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Parties in any court or tribunal asserting any Released Claim.

9. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all claims (including Unknown Claims) arising out of, relating to,

or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, except to enforce the releases and other terms and conditions contained in the Amended Stipulation.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order for Notice and Hearing constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorney fee and expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal With Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal With Prejudice.

12. Neither the Amended Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Amended Stipulation, the Settlement contained therein, and any other documents executed in connection with the

1  performance of the agreements embodied therein.  Defendants and/or the other
2  Released Parties may file the Stipulation and/or the Amended Stipulation and/or this
3  Judgment in any action that may be brought against them in order to support a defense
4  or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith
5  and credit, release, good faith settlement, judgment bar, or reduction or any other
6  theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7    13. Without affecting the finality of this Judgment in any way, this Court
8  hereby retains continuing jurisdiction over (a) implementation of this Settlement and
9  any award or distribution of the Settlement Fund, including interest earned thereon;
10 (b) disposition of the Settlement Fund; (c) hearing and determining applications for
11 attorney fees and expenses in the Action and overseeing any refund thereof pursuant
12 to the terms of the Stipulation; and (d) all parties hereto for the purpose of construing,
13 enforcing and administering the Stipulation and/or the Settlement.

14   14. This Final Judgment and Order of Dismissal With Prejudice is a final
15 judgment in the Action as to all claims among the Released Parties, on the one hand,
16 and the Lead Plaintiffs and all Class Members, on the other.  This Court finds, for
17 purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just
18 reason for delay and expressly directs entry of judgment as set forth herein.

19   15. The Court finds that during the course of the Action, the Settling Parties
20 and their respective counsel at all times complied with the requirements of Federal
21 Rule of Civil Procedure 11.

22   16. In the event that the Settlement does not become effective in accordance
23 with the terms of the Amended Stipulation or the Effective Date does not occur, or in
24 the event that the Settlement Fund, or any portion thereof, is returned to the
25 Defendants, or to such Person that paid the Settlement Amount, then this Judgment
26 shall be rendered null and void to the extent provided by and in accordance with the
27 Amended Stipulation and shall be vacated and, in such event, all orders entered and
28

releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

IT IS SO ORDERED.

DATED: December 03, 2008

_____
THE HONORABLE AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE